IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ARABIE,<br><br>Defendant. | No. 23-04031-01-CR-C-BCW |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

1. **The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Teresa A. Moore, United States Attorney, and Ashley S. Turner, Assistant United States Attorney, and the defendant, David Arabie ("the defendant"), represented by Troy K. Stabenow.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

2. **Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to an indictment, charging him with a violation of 18 U.S.C. § 2252(a)(4)(B), that is, possession of child pornography. By entering into this plea agreement, the defendant admits that he knowingly committed this offense, and is, in fact, guilty of this offense.

had access to his Wifi, the home owner indicated his daughter, and her "husband" had access to it when they visit. The homeowners identified their daughter's husband as DAVID ARABIE of Eldon, Missouri. They indicated their daughter recently married ARABIE and now resided with him in Eldon, Missouri. The homeowner recalled ARABIE bringing a laptop with him, "to watch movies" when they visited them on past weekends but was unable to further describe the laptop. While speaking about ARABIE, one of the homeowners stated that their daughter confided to them that ARABIE was a "predator" before they got married this past January. MSHP Cpl. asked if she meant ARABIE was on the Missouri Sex Offender Registry. Records showed ARABIE is a registered sex offender with multiple convictions including a statutory sodomy conviction from the Circuit Court of Miller County.

Based on online database information, a computer connected to the internet at the homeowner's residence was also observed online with similar files only on the dates the homeowners stated ARABIE and his wife were staying at their residence in Farmington, Missouri and has not been observed online at the homeowners residence since ARABIE left. This led Cpl. to believe the CSAM files were associate with ARABIE.

A computer check of ARABIE revealed he is a registered sex offender for a Sodomy conviction in Miller County, Missouri and a 2007 conviction in Michigan for Criminal Sexual Conduct in the 2nd degree (person under 13 years of age.) ARABIE listed an address of 130 Highway MM, Eldon, Missouri. His registry listed a green 2003 Chevrolet S10 as his vehicle.

On May 3, 2023, Cpl. traveled to the address 130 Highway MM, Eldon, Missouri and verified it was within Miller County, Missouri. Cpl. located a green 2003 Chevrolet S10. On that same day, Cpl. applied for and received a residential search warrant from Miller County Circuit Court. After a briefing law enforcement knocked on the door and made contact with the owner of the residence. The owner indicated ARABIE and his wife rented a room from him and were currently home.

Cpl. interviewed ABABIE's wife and STAT (State Technical Assistance Team) investigator interviewed ARABIE. ARABIE's wife told Cpl. she had been married to ARABIE since January 2023. She stated ARABIE had a cell phone and they had a computer that was connected to the television in their bedroom. ARABIE's wife also indicated she and ARABIE frequently travel to see her parents in Farmington, Missouri. ARABIE often brings his computer when they visit. ARABIE's wife stated she only uses the computer to watch Netflix and ARABIE is the main user.

Cpl. asked if ARABIE's wife could show him the computer. Cpl. observed a desktop computer connected to the television on a dresser at the foot of the bed. He also observed another desktop computer near the dresser that was not connected to

3

- Item 1150.004 (Q4): one Sandisk Cruzer Glide 16 GB USB drive (located in cellular telephone box) S/N: BL20035386W

- Item 1150.005 (Q5): one Sandisk Cruzer Glide 64 GB USB drive (located in cellular telephone box) S/N: BN2108581374

- Item 1150.006 (Q6): one Sandisk Cruzer Glide 64 GB USB drive (located in cellular telephone box) S/N: BN200457932W

- Item 1150.007 (Q7): one Sandisk Ultra 64 GB USB drive (located in cellular telephone box) S/N: BN21040007124

- Item 1150.008 (Q8): one Sandisk 128 GB USB drive (drive that was originally plugged into item 1150.001) S/N: BP210758281W

On May 10, 2023, Cpl. applied for and received a search warrant issued by the Circuit Court of Miller County for the account data for ARABIE's google accounts davidarabie196554@gmail.com and davidarabie1965@gmail.com that were associated with his cellular telephone.

A review of the GPS location data for the Google account davidarabie1965@gmail.com that was active on DAVID ARABIE's cellular telephone, revealed that on February 24, 2023, at approximately 0911 hours local time (15:11 hours UTC) when MS's computer running investigative BitTorrent software, connected to the suspect device at IP address 174.86.132.186, which was assigned to the account of David ARABIE's mother and father in-law At the address in Farmington, Missouri, showed ARABIE's cellular telephone was located in the area of Farmington, Missouri. The GPS location for ARABIE's Google account data stayed in the area of near Farmington, Missouri, for the duration of the connection between MS's investigative computer and the suspect device. The suspect device was determined to be the HP desktop computer ARABIE took from his home in Miller County, Missouri, to the Farmington residence.

Computer Forensic Examiner (CFE) with MSHP examined the above-mentioned electronic devices. In total, CFE located a number of unique pictures and unique videos. For purposes of calculating sentencing guidelines, ARABIE possessed over 600 images of CSAM.

4. **Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in paragraph 3 and other portions of this plea agreement will be used for the purpose of determining his guilt and advisory

d. if the defendant violates a condition of his supervised release, the Court may revoke his supervised release and impose an additional period of imprisonment of up to two (2) years without credit for time previously spent on supervised release. However, if the Court revokes the supervised release because the defendant committed a criminal offense under chapter 109A, 110 (child pornography offenses) or 117 or Section 1201 or 1591 of Title 18 of the United States Code, the Court may be able to impose an additional period of imprisonment of five (5) years without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed life, less the term of imprisonment imposed upon revocation of the defendant's first supervised release;

e. the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

f. any sentence of imprisonment imposed by the Court will not allow for parole;

g. the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office; and

h. the defendant may not withdraw his guilty plea solely because of the nature or length of the sentence imposed by the Court.

7. **Government's Agreements.** The Government agrees to cap its sentencing recommendation to 15 years (180 months). Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses related to possession of child pornography for which it has venue and which arose out of the defendant's conduct described above.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

7

its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw his plea of guilty only if the Court rejects the plea agreement, or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that, if the Court accepts his plea of guilty and this plea agreement but subsequently imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range, or imposes a sentence that the defendant does not expect, like or agree with, he will not be permitted to withdraw his plea of guilty.

10. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

   a. The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable";

   b. The applicable Guidelines section for the offense of conviction is U.S.S.G. § 2G2.2, which provides for a base offense level of ~~22~~ 18

   c. The defendant has admitted his guilt and clearly accepted responsibility for his actions, and has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. Therefore, he is entitled to a 3-level reduction pursuant to § 3E1.1(b) of the Sentencing Guidelines. The Government, at the time of sentencing, will file a written motion with the Court to that effect, unless the defendant: (1) fails to abide by all of the terms and conditions of this plea agreement and his pretrial release; or (2) attempts to withdraw his guilty plea, violates the law, or otherwise engages in conduct inconsistent with his acceptance of responsibility;

   d. There is no agreement between the parties regarding the defendant's criminal history category. The parties agree that the Court will determine his applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

9

13. **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

  a. oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

  b. comment on the evidence supporting the charge in the indictment;

  c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentence imposed, and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and

  d. oppose any post-conviction motions for reduction of sentence, or other relief.

14. **Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

  a. the right to plead not guilty and to persist in a plea of not guilty;

  b. the right to be presumed innocent until his guilt has been established beyond a reasonable doubt at trial;

  c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

  d. the right to confront and cross-examine the witnesses who testify against him;

  e. the right to compel or subpoena witnesses to appear on his behalf; and

  f. the right to remain silent at trial, in which case his silence may not be used against him.

The defendant understands that, by pleading guilty, he waives or gives up those rights and that there will be no trial. The defendant further understands that, if he pleads guilty, the Court

11

Case 2:23-cr-04031-BCW   Document 21   Filed 10/26/23   Page 6 of 9

c. The defendant will fully and truthfully disclose all assets and property in which he has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party. The defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until the defendant has satisfied the restitution order in full;

d. Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit: (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility;

e. At the request of the USAO, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of substitute assets and restitution;

f. The defendant hereby authorizes the USAO to obtain a credit report pertaining to him to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence;

g. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of $100 by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of his fulfillment of this obligation at the time of sentencing;

h. The defendant certifies that he has made no transfer of assets or property for the purpose of: (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that he will make no such transfers in the future; and

i. In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture,

13

proceedings. The defendant waives any rights that he might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by him subsequent to this plea agreement.

20. **Defendant's Representations.** The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorneys or any other party to induce him to enter his plea of guilty.

21. **Sex Offender Registration.** The defendant acknowledges that he has been advised, and understands that, by pleading guilty to the instant offense, he will be required under the Sex Offender Registration and Notification Act (SORNA), a federal law, to register as a sex offender and keep the registration current in each of the following jurisdictions: where he resides; where he is employed; and where he is a student. The defendant also acknowledges that he understands that the requirements for registration include providing his name, his residential address, the names and addresses of any places where he is, or will be, an employee or student, or any other relevant information. The defendant further acknowledges that he understands that the requirement to keep the registration current includes registering in the jurisdiction in which he resides, is an employee, or is a student and must be done within 72 hours of any such change in status. The defendant also agrees that he will provide his Probation Officer proof of registration

15

I have consulted with my attorney and fully understand all of my rights with respect to the offense charged in the indictment. Further, I have consulted with my attorneys and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated: 10/3/23

David Arabie
Defendant

I am defendant David Arabie's attorney. I have fully explained to him his rights with respect to the offense charged in the indictment. Further, I have reviewed with him the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with him. To my knowledge, defendant David Arabie's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 10-1-2023

Troy K. Stabenow
Attorney for Defendant

17